IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.        4:19-CR-00561 |
| | ) | |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | |
| LAURA J. ENTRIKIN, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United

States Attorney, and Jason W. White, Special Assistant United States Attorney, and respectfully

submits this memorandum for the sentencing of the defendant, Laura J. Entrikin.    For the

reasons set forth below, this Court should sentence the defendant to the mandatory term of

imprisonment of two years as prescribed by Title 18, Section 1028A(a)(1), of the United States

Code and the Sentencing Guidelines, a one-year term of post-release supervision, and be ordered

to pay restitution in the amount of $322,322 to the Social Security Administration (SSA).

## INTRODUCTION AND FACTUAL BACKGROUND

On November 26, 2019, pursuant to a written plea agreement and Fed. R. Crim. P.

11(c)(1)(A), the defendant pleaded guilty to Count Three of a three-count indictment charging

her with Aggravated Identity Theft in violation of Title 18, Section 1028A(a)(1), of the United

States Code.    The defendant is scheduled to be sentenced on March 9, 2020.

The United States adopts the facts as set forth in the Presentence Investigation Report

(PSR) prepared by the United States Probation Office and filed on February 24, 2020.    *See*

PSR, ECF No. 16 at ¶¶ 8-10).

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.**     **Statutory Maximum and Minimum Sentences**

The defendant's conviction for Aggravated Identity Theft subjects her to a statutory mandatory term of two years of imprisonment.   18 U.S.C. § 1028A(a)(1) (2018).   The conviction also subjects the defendant to a maximum statutory fine of $250,000 (18 U.S.C. § 3571(b)(3)) and a maximum term of supervised release of up to one year (18 U.S.C. § 3583(b)(3)).   The defendant is ineligible for probation because it is expressly precluded by statute.   18 U.S.C. §§ 1028A(b)(1), 3561(a)(2).   A special assessment of $100 shall be imposed. 18 U.S.C. § 3013(2)(a).

**2.**     **Guidelines Provisions**

Pursuant to Section 2B1.6 of the Sentencing Guidelines, since the defendant was convicted of violating a provision in which a term of imprisonment is required by statute, the guideline sentence is that term, which is 24 months in this case.   U.S. Sentencing Guidelines Manual § 2B1.6 (U.S. Sentencing Comm'n 2018) [hereinafter U.S.S.G.].   PSR, ECF No. 16 at ¶ 15.   Similarly, Chapters Three and Four of the Guidelines, regarding computation of defendant's criminal history, do not apply.   U.S.S.G. § 2B1.6.

## OTHER SENTENCING CONSIDERATIONS

**1.**     **Restitution**

The imposition of an order requiring payment of restitution in full, according to a schedule by the Court, is mandatory.   18 U.S.C. § 3663A(c)(1)(A).   The parties have agreed that SSA suffered a direct financial loss as a result of the defendant's conduct in the amount of $322,322 and the defendant consents to an order directing her to pay accordingly.   PSR, ECF No. 16 at ¶ 6; Plea Agreement, ECF No. 12 at ¶¶ 18-19.

2

**2.**     **Defendant's Waiver of Appeal**

As part of the plea agreement, the defendant waived any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal and/or collaterally attack her conviction or sentence.   Plea Agreement, ECF No. 12 at ¶ 14.

**3.**     **Dismissal of Other Counts**

Upon sentencing, the United States intends to move this Court to dismiss Counts One and Two pursuant to the agreement of the parties and Fed. R. Crim. P. 11(c)(1)(a).   Plea Agreement, ECF No. 12 at 1¶ 1; PSR, ECF No. 16 at ¶ 5.

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that this Court sentence the defendant to a term of imprisonment of two years as prescribed by statute and the Sentencing Guidelines, a one-year term of post-release supervision, and an order to pay restitution in the amount of $322,322 to the SSA.   The government submits that the recommended sentence adequately reflects the statutory factors to be considered under 18 U.S.C. § 3553(a) in imposing a sentence, particularly:

    (1)   the nature and circumstances of the offense and the characteristics of the defendant;
    (2)   the need for the sentence imposed—
        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B)    to afford adequate deterrence to criminal conduct;
        (C)    to protect the public from further crimes of the defendant;
    (3)   the kinds of sentences available; [and]
               .     .     .
    (7)   the need to provide restitution to any victims of the offense.

Specifically, the defendant committed an egregious offense by defrauding the government program relied upon by millions of America's most penurious and vulnerable citizens and the needs to provide deterrence and respect for the law warrants the recommended sentence.

The defendant's conduct here spanned 17 years and defrauded the government of over $322,000 in retirement insurance benefits.   During that time, the defendant drafted hundreds of checks drawn on her deceased mother's bank account, forging her deceased mother's signature, and making the majority of the checks out to herself.   With each check that she wrote, the defendant knew that the money in the account came from the government and were not intended for her.   The fact that the defendant forged her mother's signature on the checks she drafted only helped to extend the length of time she was able to effectuate her scheme because it ensured that neither SSA, nor the bank, were apprised of her mother's death.   The defendant's conduct here was dishonest and warrants the recommended sentence.

The egregiousness of the defendant's actions are exacerbated when the program for which she victimized is considered.   In 2019, the SSA will have provided nearly 64 million elderly, widowed, or disabled Americans over one trillion dollars in social security benefits. Soc. Sec. Admin., Fact Sheet: Social Security (2019), https://www.ssa.gov/news/press/factsheets/basicfact-alt.pdf.   Among elderly beneficiaries, 21% of married couples and 45% of unmarried persons rely on Social Security for 90% or more of their income.   Id.   The Old-Age, Survivors, and Disability Insurance Benefit Program is grounded upon the idea that when a person is elderly, widowed, or disabled, current workers will help support that person, just as he or she helped support others.   When the defendant stole from SSA, she did not just steal from a government agency, she stole from every American who paid into the system and every American who expects to receive benefits in the future.

Additionally, the defendant's conduct victimized a trust fund whose future financial stability is already in jeopardy.   As it faces an insolvency date of 2034 and struggles to pay full old age and survivors benefits to those in need after that point, every dollar matters for SSA and

4

fraud against these programs must be dealt with firmly.   Soc. Sec. Admin., Summary: Actuarial Status of the Social Security Trust Funds, (April 2019), https://www.ssa.gov/policy/trust-funds-summary.html.   The mandatory two-year sentence accomplishes that objective.

The sentence recommended by the government is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).   "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").   Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity."   *Rita v. United States*, 551 U.S. 338, 354 (2007).

The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum.   Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.   Fed R. Crim. P. 32(i)(1)(c) and 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 2nd day of March 2020,


JUSTIN E. HERMAN
United States Attorney

By:     Jason W. White
Special Assistant United States Attorney
Bar No. NY4672267